**In the United States District Court
District of South Carolina
Greenville Division**

| | |
|---|---|
| T&S Brass and Bronze Works, Inc. and EnviroPure Systems, LLC, | C.A. No. 6:16-cv-03687-MGL |
| Plaintiffs, | CONSENT PERMANENT INJUNCTION FOR DEFENDANT TAYLOR DISMISSAL WITHOUT PREJUDICE OF CLAIMS AGAINST DEFENDANT TAYLOR |
| v. | |
| James Slanina, James Taylor, Linda Basinger, and Advantagreen, | |
| Defendants. | |

**Order**

Defendant James Taylor ("Taylor") voluntarily consents to the following forms of injunctive relief. Further, Plaintiffs and Defendant Taylor stipulate as part of this Order that the claims Plaintiffs have raised as to Defendant Taylor are DISMISSED, without prejudice, with each party to bear its or his respective fees and costs.

Taylor will refrain from:

1. Altering, erasing, deleting, destroying, and/or modifying any computer or computerized device or electronic storage device in his possession, custody, or control where information that is potentially relevant to this litigation is likely to be stored until requested to do so by Plaintiffs;

2. Using or disclosing the plaintiffs' trade secrets and/or confidential, proprietary, and/or sensitive information;

3. Developing, marketing, selling, or exercising any ownership or dominion over products or services in the food waste disposal industry in violation of his Covenants Agreements;

4. Conducting any business with, becoming employed by, or affiliating with, for any professional or commercial purpose, including with regard to the marketing, production, sale, and/ordistribution, of goods, with the following persons and entities: James Slanina, Linda Basinger, Advantago, Inc., Advantagreen, Bob Thompson of Strategic Resources, Inc. ("SRI"), Stuart

1

    Smits, Paulo Perjani, Linda Nocita, Karen Wordsworth, Daniel (Danny) Wordsworth, Associated Technology Partners (ATP), SRI, BN Green Technologies, Shauna Aguirre, Nino Venturella, Bob Spurgin, X-Met, Bond of London, or OMPECO, or any employees, agents, or affiliates thereof.

5. Disparaging Plaintiffs and their principals, including Claude Theisen and Eva-Marie Fox.

6. Entering into any employment relationship with any person or entity for the purpose of developing, manufacturing, or selling any food disposal systems, Biomix, and/or any chemical providing the same or substantially similar function during the term of the restrictive covenants in Taylor's Covenants Agreement.

    In addition, Taylor will:

7. Comply with all obligations of his Covenants Agreements, including the cessation of all activities relative to the manufacture, distribution, sale and/or marketing of food waste disposal systems, Biomix, and/or any chemical providing the same or similar function.

8. Provide to his counsel for immediate production all copies of communications and documents, whether in paper or electronic form, related to EnviroPure and/or any of its products, including but not limited to all documents and data obtained, generated, or discovered in the course and scope of Taylor's business and professional activities since December 1, 2012 not already provided in this litigation, and will refrain from using or disclosing any such information for any purpose and, upon demand from Plaintiffs, will destroy all electronic copies of such information and provide a statement certifying that any such information has been deleted.

9. Provide to his counsel for immediate production all communications and documents regarding Taylor's dealings with X-Met, Karen Wordsworth, Danny Wordsworth, Hubbard-Hall, Warehouse Associates, C.H. Robinson, AAA Bar & Catering, BN Green, Foodwastemachine.com, and any other person or entity with whom Taylor has communicated or dealt since January 1, 2013, regarding the marketing, manufacture, and/or sale of food disposal machines, Biomix, and/or any chemical providing the same or similar function not already provided in this litigation, and will refrain from disclosing or using any such information for any purpose and, upon demand from Plaintiffs, will destroy all electronic copies of such information and provide a statement certifying that any such information has been deleted.

10. To the extent he has not already done so, return all equipment and nondocumentary property, such as electronic devices, machines, parts, tools, etc. belonging to Plaintiffs that are still in Taylor's possession, custody, or control to Plaintiffs within five (5) days after the date of this Order at Taylor's expense.

11. Itemize for Plaintiffs and hold in trust all funds received from the sale of goods or services related to food disposal systems and related products that Taylor received from January 1, 2016 forward except any payments received directly from Plaintiffs.

12. Taylor will keep his contact information current with his attorney and, upon request, will respond to reasonable requests for information regarding EnviroPure, such as requests for location of information, passwords, status of projects, etc. All such inquiries will be made either through his counsel or with his counsel's permission.

13. Plaintiffs may reinstitute a claim against Defendant Taylor if, and only if, either: (a) any statement previously given by Taylor in writing and under oath is materially and substantially untruthful, either by omission of facts or otherwise; and/or (b) it appears that Defendant Taylor is materially and substantially more involved in the circumstances of the underlying litigation than he has represented.

14. Defendant Taylor covenants not to sue either Plaintiff and/or their principals, officers, and agents unless and until Plaintiff re-institutes litigation against Defendant Taylor.

Taylor waives any requirement that Plaintiffs post any bond or security with regard to this Order.

This Order supersedes the Court's Preliminary Injunction as to Defendant Taylor (Docket Entry 49), which shall be dissolved as to him only contemporaneously with the entry of this Order.

This Injunction shall remain in effect unless modified or vacated.

All claims of Plaintiffs in this action are dismissed, without prejudice, as to Defendant Taylor. Each party is to bear its own costs and fees as to such claims.

    **IT IS SO ORDERED.**

                                          s/Mary Geiger Lewis
                                          Mary Geiger Lewis
                                          United States District Judge

December 16, 2016
Greenville, South Carolina

WE CONSENT:

For the Plaintiffs:                                          For Defendant Taylor:


s/ Brian P. Murphy                              s/ Steven E. Buckingham
Brian P. Murphy                                  Steven Edward Buckingham
Stephenson & Murphy, LLC              The Law Office of Steven Edward Buckingham, LLC

4