IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| T&S Brass and Bronze Works, Inc. and<br>EnviroPure Systems, LLC,<br><br>      Plaintiffs,<br><br>vs.<br><br>James Slanina, Linda Basinger,<br>and Advantagreen,<br><br>      Defendants. | Civil Action No. 6:16-3687-MGL<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the motion of plaintiffs T&S Brass and Bronze Works, Inc. ("T&S Brass") and EnviroPure Systems, LLC ("EnviroPure") for a second temporary restraining order ("TRO") against the defendants James Slanina, Linda Basinger, and Advantagreen. The plaintiffs further move for an emergency hearing with testimony and for sanctions (doc. 72). The motion was referred to the undersigned by the Honorable Mary Geiger Lewis, United States District Judge, on December 28, 2016 (doc. 75).

In the current motion, the plaintiffs argue that they have information showing that defendant Slanina, with defendant Basinger's help, sold a machine to Ecco-Technologies, LLC ("Ecco"), an EnviroPure distributor in California. According to the plaintiffs, Slanina failed to document a $23,000 deposit by Ecco for the machine, and the deposit was not put into the plaintiffs' account (doc. 72-1, Gallagher decl. ¶¶ 1-11). The Travelers Rest Police Department investigated and found that the check was deposited into an account owned by Slanina (doc. 72-2 at 17). The plaintiffs further contend that the defendants, unbeknownst to the plaintiffs, sold an EnviroPure unit to a hotel in San Francisco, and defendant Basinger issued a fake EnviroPure invoice to the customer, which used defendant Advantagreen's address (doc. 72-1, Gallagher decl. ¶¶ 12-21). Lastly, the

plaintiffs state they have information showing that certain shelving units that the defendants caused the plaintiffs to purchase from China and that were shipped to the Lima, Ohio warehouse, were not for a customer as claimed by the defendants but were instead residential grade shelving that Slanina and others went in to business to sell (doc. 72-5, White decl. ¶¶ 1-10).

The plaintiffs request the following in their motion: defendants Slanina and Basinger be ordered to appear in court and answer questions, under oath, regarding the issues raised in this motion; that defendants cease any withdrawals from any bank account maintained at Wells Fargo Bank or any other bank into which they have deposited money for commercial activities until further order; that, within 48 hours, the defendants provide copies of all bank statements for 2015 and 2016 relative to accounts held with Wells Fargo; that the defendants hold in trust any amounts received from any EnviroPure customer or other entities to which they represented themselves as acting on behalf of EnviroPure; that, within 48 hours, the defendants provide a full accounting of all sums they have received from EnviroPure customers or other entities to which they represented themselves as acting on behalf of EnviroPure; that, within 48 hours, defendants disclose the name, address, and contact persons for all EnviroPure customers or other entities to which they represented themselves as acting on behalf of EnviroPure and to which they have issued invoices other than through the plaintiffs' accounting department; that the plaintiffs be awarded attorney fees and costs associated with the motions for injunctive relief filed in this action; and that the defendants be warned that their answer and counterclaims will be stricken if they either fail to comply with any of the orders of this court or they make any further misrepresentations (doc. 72 at 9-10).

The undersigned recommends that the plaintiffs' motion be denied. The court will not engage in discovery on the plaintiffs' behalf. The undersigned has already granted

2

the plaintiffs' motion for expedited discovery (doc. 47; *see* doc. 7). All of the information sought by the plaintiffs can be requested through normal discovery procedures.

Moreover, the undersigned finds that the plaintiffs' interests are adequately protected by the TRO that is already in place and the criminal investigation that is apparently taking place at this time. On November 30, 2016, the undersigned issued a TRO ordering that defendant Basinger forward any communications received from any of her EnviroPure accounts to the plaintiffs; that the defendants preserve all copies of communications and documents related to EnviroPure or any of its products since December 1, 2012; and that the defendants preserve all communications and documents with any person or entity with whom the defendants have communicated or dealt since January 1, 2013, regarding the marketing, manufacture, or sale of food disposal machines and related products (doc. 25 at 2-3). That TRO will continue until Judge Lewis rules on the plaintiffs' motion and amended motion for preliminary injunction (doc. 47). On December 22, 2016, the undersigned recommended that those motions for preliminary injunction (docs. 16, 29) be granted (doc. 66). The undersigned recommended that, in addition to the foregoing affirmative steps, the defendants also be ordered to return all equipment and nondocumentary property belonging to the plaintiffs within five days of the order and itemize for the plaintiffs and hold in trust all funds received from the sale of goods or services related to food disposal systems and related products that the defendants received from January 1, 2016, forward, except any payments received directly from the plaintiffs (doc. 66 at 17-18).

Based upon the foregoing, the undersigned recommends that the plaintiffs' motion for a second TRO, an emergency hearing with testimony, and for sanctions (doc. 72) be denied at this time.

IT IS SO RECOMMENDED.

| | |
|---|---|
| December 29, 2016 | s/Kevin F. McDonald |
| Greenville, South Carolina | United States Magistrate Judge |