**In the United States District Court
District of South Carolina
Greenville Division**

| | |
|---|---|
| T&S Brass and Bronze Works, Inc. and EnviroPure Systems, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> James Slanina, Linda Basinger, Advantago, Inc. d/b/a Advantagreen, and Opus Distribution, Inc. <br><br> Defendants. | C.A. No. 6:16-cv-03687-MGL <br><br> Order Granting As Modified Plaintiffs' Motion for Entry of Protocol for Searches of Electronic Devices |

IT IS HEREBY ORDERED that the following protocol will govern the examination of devices containing electronic files agreed to or ordered to be produced in this action ("Device(s)") on or after the date of this Order, as well as the handling of information derived from the same:

1. The party seeking discovery that necessitates a forensic search or analysis of computer devices ("Requesting Party") will designate a computer forensic contractor ("Consultant"). All searches and reports produced will be conducted and produced by a licensed private investigator pursuant to S.C. Code § 40-18-20 et seq.

2. Counsel for the party producing the Devices ("Producing Party") will meet with the Consultant at the office of counsel for the Producing Party or other mutually agreed upon location and will deliver responsive Devices to the Consultant. The Producing Party also will provide the Consultant with any passwords/passcodes or other keys necessary to access all data on each Device produced. The

1

Consultant will not disclose the password/passcode or keys to the Requesting Party.

3. The Consultant will create mirror images of the Devices and may conduct forensic examinations of such images of the Devices in accordance with the terms and conditions of this Order. (See ¶ 15).

4. Any Consultant and/or representative of an Approved Consultant who is involved in this litigation in any way, including but not limited to the imaging, examination, compilation, use or disclosure of data from any Devices, is bound by the terms of this Order, and counsel for Requesting Party shall provide a copy of this Order to each Consultant so involved.

5. The Consultant may create forensic mirror images of any of the Devices (hereinafter the "Forensic Image") in a format that can be searched by Consultant. Whenever a Forensic Image is created, the Consultant shall simultaneously create an exact duplicate "read only" mirror image (hereinafter the "Read Only Image") in a format that preserves and secures the original images from the Devices. The Read Only Image shall only be used for creating additional Forensic Images, if necessary. (The Forensic Images and Read Only Images are collectively referred to hereafter as the "Images".)

6. The creation of the Images will occur either at the office of counsel for the Producing Party or at another mutually-agreeable location.

7. After Images are created and processed, Consultant shall return the Devices to the office of the Producing Party's Counsel.

8.  Requesting Party will submit to counsel for Producing Party a list of search terms to be used in searching the Forensic Images.  Counsel for Producing Party shall have seven (7) calendar days from receipt of this list to raise any objections to the term search list.  The Consultant may proceed with searches using the terms to which the Producing Party has not objected.

9.  At Requesting Party's request and expense, the Consultant may conduct a search of the Forensic Images to locate documents and/or files containing the approved search terms.  The results of this search will be the "Search Results."  The search of the Forensic Images may occur either at a lab or office at which such work is regularly performed by Consultant in South Carolina.

10. Depending on the volume of the Search Results, Producing Party's Counsel may review the Search Results in a hard copy list format, or electronically in a review platform.

11. Counsel for Producing Party will review the Search Results and within 14 calendar days of receiving the Search Results shall identify for Requesting Party's Counsel any files/documents for which (s)he raises an objection as to the production of such information to Requesting Party.  In the event Producing Party's Counsel needs additional time to conduct this review, he may request a reasonable extension of this time period to complete his review, which shall not be unreasonably denied.  Any files to which Producing Party does not assert an objection within the review period will then be provided to Requesting Party's Counsel by the Consultant.

12. Requesting Party must respond to any objection within 7 calendar days, but shall not be provided copies of the data/file itself the objection is resolved.

13. Within seven (7) calendar days of receiving Requesting Party's responses, if Producing Party maintains the objection, the parties shall hold a telephone conference to attempt to resolve the objection. If the objection is resolved or is not presented to the Court within seven (7) calendar days of the telephone conference, the file may be made available to the Requesting Party.

14. All Search Results that are not withheld by Order of the Court will be produced to each of the parties. These documents will be presumed Confidential under the terms of the Consent Confidentiality Agreement for Thirty (30) days. This presumption is waived as to a specific document unless the party seeking to preserve the designation of such document as Confidential notifies the opposing party of the designation within the Thirty (30) day period. This does not affect any term of the Court's Consent Confidentiality Order.

15. At Requesting Party's request and expense, Consultant also may conduct an examination of the Forensic Images to determine data relative to Producing Party's Devices, including, but not limited to, reporting on alteration/deletion of files or determining when, for example, a particular peripheral (e.g. flash drive, external hard drive) was plugged in to the particular machine. The results of this examination will be the "Forensic Analysis" and will be Requesting Party's work product and shall be subject to discovery only as set forth in the Federal Rules of Civil Procedure. However, any report generated by the Forensic Analysis that Requesting Party intends to use as an exhibit at any hearing, deposition or trial of

this matter must be timely disclosed to Producing Party prior to such use. If Consultant is subsequently designated as an expert for purposes of offering any testimony in this case, then Consultant's report(s) shall be timely disclosed as required by the Rules. If the Forensic Analysis shows that a particular file is related to the subject matter of this action and that file is not included in the Search Results, the same procedures described in paragraphs 9 through 14 will apply to these files. The forensic examination may occur either at a lab or office at which such work is regularly performed by Consultant in South Carolina.

16. Requesting Party may request additional searches of the Forensic Images. Any additional searches of the Forensic Images shall be conducted as set forth above, and any objection to additional searches shall be addressed in accordance with the above provisions.

17. Rule 26(b)(5)(B) applies to any electronic files produced pursuant to this Protocol. Nothing in this Protocol should be read to otherwise limit a Requesting Party's ability to request production of documents or things, or a Producing Party's duty to produce documents or things in its possession, custody, or control, under Rule 34, Fed. R. Civ. P.

**IT IS SO ORDERED.**

                                            s/Mary Geiger Lewis
                                            Mary Geiger Lewis
                                            United States District Judge

February 15, 2017
Columbia, South Carolina