

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| T&S BRASS AND BRONZE WORKS, INC. and ENVIROPURE SYSTEMS, LLC, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. 6:16-03687-MGL |
| JAMES SLANINA, LINDA BASINGER, individually and d/b/a ADVANTAGREEN, ADVANTAGO, INC., and OPUS DISTRIBUTION, INC., | § § § § § | |
| Defendants. | § § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION AND
DENYING PLAINTIFF'S MOTION FOR SECOND TEMPORARY RESTRAINING ORDER,
EMERGENCY HEARING WITH TESTIMONY, AND SANCTIONS**

## I. INTRODUCTION

This is an action for misappropriation of trade secrets and trademarks and related claims arising out of the business relationship between Plaintiffs and Defendants. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Plaintiffs' Motion for Second Temporary Restraining Order, for an Emergency Hearing with Testimony, and for Sanctions

(Plaintiffs' Motion) be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 29, 2016, ECF No. 77, and Plaintiffs filed their objections on January 3, 2017, ECF No. 80. Defendants James Slanina (Slanina), Linda Basinger, and Advantago, Inc. filed a reply to Plaintiffs' objections on January 17, 2017, in which they insist the Court should adopt the Report. ECF No. 109. The Court has carefully reviewed Plaintiffs' objections and holds them to be meritless.

Plaintiffs set forth five objections to the Report. Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not— and will not—address any of Plaintiffs' arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

Plaintiffs first contend the Magistrate Judge erred in failing to address the evidence allegedly showing Slanina stole a deposit from one of Plaintiffs' customers and used a fraudulent bank account to conceal his actions. ECF No. 80 at 1. Plaintiffs are mistaken. The Report summarizes the arguments in Plaintiffs' Motion regarding the allegedly wrongful conduct of Defendants and specifically references Plaintiffs' allegation a deposit from a customer was deposited into an account owned by Slanina. *See* ECF No. 77 at 1-2. The Magistrate Judge's summary of the arguments set forth in Plaintiffs' Motion reveals the Magistrate Judge considered all of the evidence proffered by Plaintiffs. Furthermore, Plaintiffs fail to analyze why this purported evidence must change the Magistrate Judge's recommendation. Therefore, the Court will overrule Plaintiffs' first objection.

Plaintiffs next reference the Magistrate Judge's holding "[t]he court will not engage in discovery on the plaintiff's behalf." ECF No. 80 at 1 (internal quotation marks omitted). Plaintiffs retort they "are not seeking discovery in the normal sense" and restate their argument the Court should require Slanina to testify. Plaintiffs neglect to explain why the Court must require Slanina to testify at this stage and why Plaintiffs cannot discover the desired information through normal discovery procedures. Consequently, their objection is not a meaningful counter to the Magistrate Judge's wise holding the Court will not conduct discovery for Plaintiffs. Thus, the Court will also overrule Plaintiffs' second objection.

In Plaintiffs' third and fourth objections, they argue the Magistrate Judge incorrectly held the information they seek can be requested through normal discovery procedures, and the TRO and criminal investigation already in place adequately protect Plaintiffs' interests. *Id.* at 2. Plaintiffs contend the delay inherent in normal discovery as well as Slanina's "history of obfuscation" render it "unlikely, at best, that Plaintiffs will get anything of value in time to stem

more irreparable harm." *Id.* Plaintiffs further claim they are receiving inquiries from companies and "need to learn the scope of Slanina's conduct now." *Id.*

The Court agrees with the Magistrate Judge's holding the TRO already in place adequately protects Plaintiffs' interests. The TRO includes provisions requiring Defendants to preserve all relevant documents and communications and comply with all obligations of their Covenants Agreements. ECF No. 25 at 2-3. It also includes provisions prohibiting Defendants from using or disclosing Plaintiffs' trade secrets and property and developing, marketing, selling or exercising any ownership over products or services in violation of their Covenants Agreements. *Id.* Thus, the TRO prevents Defendants from further engaging in the type of conduct complained of by Plaintiffs.

The Court likewise agrees with the Magistrate Judge's holding the information sought by Plaintiffs can be requested through normal discovery procedures. As stated above, Plaintiffs' interests are adequately protected by the current TRO while Plaintiffs await discovery responses. Moreover, Plaintiffs' prediction Slanina will obfuscate discovery requests is insufficient to demonstrate the Court should enter a second TRO. In the event Slanina is non-responsive to discovery requests, the proper remedy is a motion to compel, not an additional TRO. For the foregoing reasons, the Court holds Plaintiffs' third and fourth objections to be without merit as well.

In Plaintiffs' final objection, they claim the Magistrate Judge failed to address their request for sanctions. ECF No. 80 at 3. The Magistrate Judge, however, clearly recommends in the Report that Plaintiffs' request for sanctions be denied. ECF No. 77 at 3. The decision whether to impose sanctions under Rule 11 lies within the discretion of the district court. *Brubaker v. City of Richmond*, 943 F.2d 1363, 1374 (4th Cir. 1991). The Court agrees with the Magistrate Judge's

4

recommendation Plaintiffs' request for sanctions should be denied.  Consequently, the Court will overrule Plaintiffs' fifth objection.

After a thorough review of the Report, Plaintiffs' objections, and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiffs' objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court Plaintiffs' Motion is **DENIED**.

**IT IS SO ORDERED.**

Signed this 9th day of March 2017 in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
